# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATTON,<br><br>    Plaintiff,<br><br>    v.<br><br>ESA P PORTFOLIO, L.L.C., and<br>ESA MANAGEMENT, LLC,<br><br>    Defendants.<br>_____/ | Case No. 1:20-cv-01498-DAD-SKO<br><br>**ORDER MODIFYING SCHEDULING ORDER**<br><br>(Doc. 28) |

On October 8, 2021, Defendants filed a motion to modify the scheduling order and sought an order shortening the time to hear the motion. (Docs. 27, 28.) By order entered October 13, 2021, the Court granted Defendants' request to shorten time and set an expedited briefing schedule for the motion. (Doc. 29.) In that order, the Court observed that

> Plaintiff's motion for leave to amend the complaint was filed on October 4, 2021, after the June 1, 2021 deadline for requesting leave to amend the pleadings. (*See* Doc. 18 at 2; Doc. 25.) Both Plaintiff's motion for leave to amend the complaint and Defendants' motion to modify the scheduling order seek permission to take particular actions after the expiration of relevant deadlines. As it appears that modification of the scheduling order could be beneficial to both parties (and necessary in the event Plaintiff's motion is granted), the parties are ***highly encouraged*** to meet and confer in order to agree upon a joint proposal for modification of the scheduling order and to avoid further burdening the Court (which carries one of the heaviest caseloads in the nation)

(Doc. 29 n.1 (emphasis in original).)  Instead of reaching an agreement on an enlargement, Plaintiff filed an opposition to Defendants' motion.  (*See* Doc. 30.)  Defendants filed their reply on October 22, 2021.  (Doc. 32.)

Defendants' position is that the now-expired fact and expert discovery deadlines should be extended by approximately six to eight months from the date of expiration due to Plaintiff's recent supplemental disclosures and request to amend his complaint, both made after the close of fact discovery, and delays caused by COVID-19.  (*See* Doc. 28-1 at 2, 4–5; Doc. 32 at 4–6.)  No other enlargements to the schedule are sought.  (*See* Doc. 28 at 2.)

Plaintiff counters that there is no good cause to modify the scheduling order because Defendants have not been diligent in litigating this case, as evidenced by their "complete inactivity to conduct discovery" and failure to designate timely rebuttal experts.  (Doc. 30-at 8, 15.)

Despite Plaintiff's protestations against modifying the scheduling order (and Defendants' reasons therefor), the fact remains that Plaintiff filed his pending motion to amend the complaint on October 4, 2021—over four months after the deadline had expired, *see* Doc. 18 at 2.  A motion to amend that is filed after the amendment deadline necessarily requires modification of the case schedule.  *See Ocean Garden Prod. Inc. v. Blessings Inc*., No. CV-18-00322-TUC-RM, 2020 WL 3579164, at *2 (D. Ariz. June 30, 2020) ("In cases in which a scheduling order's deadline for amending pleadings has expired by the time a motion to amend is filed, the motion is properly examined first under Federal Rule of Civil Procedure 16(b)(4) as a motion to modify the scheduling order.") (citing *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000)).  Moreover, according to Plaintiff, the proposed amended complaint seeks to allege ADA violations that were discovered following an inspection of the hotel room at issue and thereafter incorporated in Plaintiff's expert reports.[1]  (*See* Doc. 25 at 2.)  If Plaintiff's motion to amend, which is unopposed (*see* Doc. 31), is granted, Defendants would be entitled to conduct fact discovery regarding those

---

[1] The inspection took place on July 12, 2021, after the amendment deadline .  The Court notes that this is not the first time the parties have agreed to actions beyond the deadlines set forth in the scheduling order.  (*See, e.g*., Doc. 30-1 at 7.)  The Court observes that had the parties memorialized their agreement(s) in the form of a stipulated amended scheduling order, instead of proceeding ad hoc, they might have avoided the current dispute altogether.

ADA violations and to rebut Plaintiff's expert reports.[2]  In addition, the existing motion deadlines are rapidly approaching and may expire prior to the presiding district judge ruling on Plaintiff's motion to amend.  Finally, Defendants should be permitted to conduct discovery regarding Plaintiff's recently-served supplemental disclosures, which include 316 pages of additional treatment records.  (*See* Doc. 30-1 at 10.)

Under these circumstances, the Court agrees that a modification of the scheduling order is warranted, *see* Fed. R. Civ. P. 16(b)(4), and Defendants' motion is GRANTED insofar as it seeks that relief.  The motion, however, is DENIED with respect to the length of the enlargement requested, as the undersigned finds it excessive under the circumstances.[3]  Considering each party's position and the posture of this case, the Court finds that approximately **four (4) months** from the time of expiration is a reasonable extension of the discovery deadlines at issue.  Such extension will accommodate ***both*** parties' need to complete fact and expert depositions (*see* Doc. 30-1 at 4, 7), and it will also allow for Defendants to designate a rebuttal expert(s) based on information pleaded in Plaintiff's amended complaint, if granted, and to conduct discovery on Plaintiff's supplemental disclosures.[4]  More importantly, to the extent any disputes arise concerning this discovery, this enlargement also allows sufficient time for resolution of those disputes pursuant to the Court's informal discovery dispute process or Local Rule 251.  (*See* Doc. 18 at 3 (requiring motions to compel to "be filed and heard sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time.").)

Finally, although Defendants did not request to extend the motion deadlines or the date of the pretrial conference, the Court, on its own motion, continues these dates to allow the Court time

---

[2] Plaintiff criticizes Defendants' apparent failure to designate a rebuttal expert (*see* Doc. 30-1 at 5), but to do so would have been premature in view of Plaintiff's proposed amendments to his complaint, which were first disclosed September 9, 2021.  (*See* Doc. 30-2 ¶ 16.).

[3] While the undersigned is sympathetic to discovery delays caused by the global COVID-19 pandemic, it doesn't appear that, other than noticing Plaintiff's deposition, Defendants made any attempt to pursue discovery from Plaintiff in this case during the six-month designated discovery period.  (*See* Doc. 30-1 at 6–7.)

[4] The undersigned takes no position on the merits of Plaintiff's motion for leave to amend the complaint, as such motion is before the assigned district judge.  Should it appear to the parties that the ruling on the motion will postdate the modified case deadlines, a further modification to the scheduling order may be appropriate.  If so, the parties SHALL meet and confer meet and confer in a good faith effort to agree upon a modification without court action (*i.e.*, by stipulation).  This requires, in addition to any written correspondence the parties may engage in (letters and/or email), that the parties speak with each other about the dispute, which may be accomplished in person, over the telephone, or through videoconferencing.

to rule on motions in advance of the pretrial conference.

      Accordingly, the scheduling order (Doc. 18) is MODIFIED as follows:

| Matter | Current Date | Continued Date |
|---|---|---|
| Non-Expert Discovery | August 2, 2021 | December 2, 2021 |
| Expert Disclosures | September 1, 2021 | January 3, 2022 |
| Rebuttal Expert Witnesses Disclosure | September 17, 2021 | January 18, 2022 |
| Expert Witness Discovery | October 1, 2021 | February 1, 2022 |
| Non-Dispositive Motion Filing Deadline | November 1, 2021 | March 1, 2022 |
| Hearing for Non-Dispositive Motions | December 1, 2021 | March 30, 2022 |
| Dispositive Motion Filing Deadline | November 1, 2021 | March 1, 2022 |
| Pretrial Conference | April 4, 2022 | August 8, 2022 at 2:30 p.m.[5] |

IT IS SO ORDERED.

Dated:   **October 25, 2021**                      /s/ *Sheila K. Oberto*    
                                                      UNITED STATES MAGISTRATE JUDGE

---

[5] As previously indicated, the Settlement Conference will be re-set upon receipt of the parties' proposed dates. (*See* Doc. 29 at 2.)